UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA RICHARDSON,

       Plaintiff,                        CIVIL ACTION NO. 12-11841

      v.                              DISTRICT JUDGE JOHN CORBETT O'MEARA

WAYNE STATE UNIVERSITY,      MAGISTRATE JUDGE MARK A. RANDON
SCOTT FRUMP AND MUMTAZ
USMEN,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (DKT. 14)

This matter is before the Court on Plaintiff Barbara Richardson's ("Plaintiff") motion to amend the complaint (Dkt. 14). Judge John Corbett O'Meara referred Plaintiff's motion to this Magistrate Judge for hearing and determination (Dkt. 15). Defendants have not responded to Plaintiff's motion, and the time to do so has expired. *See* E.D.Mich LR 7.1(e)(2)(B). Oral argument would not significantly aid the decisional process, therefore, pursuant to E.D. Mich. LR 7.1(f)(2), it is **ORDERED** that Plaintiff's motion be resolved without oral argument.

### I. ANALYSIS

*A. Standard For Leave To Amend*

When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it

intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend a pleading is left to the sound discretion of the district court. *See Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). When determining whether to grant leave to amend, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). Regarding futility, "if the district court concludes that 'the pleading as amended could not withstand a motion to dismiss,' the court may deny the motion to amend, thereby saving the parties and the court the expense of having to confront a claim doomed to failure from the onset." *Id.* (quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

### B. Discussion

Plaintiff's motion for leave to amend states that she seeks to revise a "minor portion" of her Complaint. Namely, Plaintiff seeks to allege that the EEOC has completed its investigation

regarding Plaintiff's claim of unlawful termination from Defendant Wayne State University. Additionally, Plaintiff seeks to plead her allegations of race, age and disabled-status discrimination with greater factual specificity. As noted earlier, Defendants have not responded to Plaintiff's motion for leave to amend, thus Plaintiff's motion is, essentially, unopposed. *See* E.D.Mich. LR 7.1(c)(1). Notwithstanding Defendants' lack of response, the Court finds that Plaintiff is entitled to file the Second Amended Complaint attached as exhibit 1 to Plaintiff's motion. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Furthermore, the discovery cut-off in this matter is set for March 25, 2013, thus Plaintiff's motion is timely.

### C. Conclusion

For the reasons set forth above, Plaintiff's motion for leave to amend (Dkt. 14) is **GRANTED**. Plaintiff is directed to file her proposed Second Amended Complaint (which was attached to her motion) within **FOURTEEN (14) DAYS** of the date of this order.

**SO ORDERED.**

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2012

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 15, 2012.

s/Melody R. Miles
Case Manager to Magistrate Judge Mark A. Randon
(313) 234-5540